Marvin, J.
The case of Charles P. Ranney as executor of the last will and testament of Rufus P, Ranney against John R. Ranney and others, is a case which comes to us by appeal, The petition was filed under section 6202, of the Revised Statutes, authorizing executors to file a petition to ask for *78 instructions of the court as to the performance of their duties, and in this case the question to be determined in order to ascertain’what the duties of the trustee are, and what construction is to be given to the will of Rufus P. Ranney, deceased, And to the second clause especially.
The second paragraph of that will reads:
“Second: I give and bequeath to each of my grandchildren now, or hereafter horn the sum ot fifteen thousand dollars, to be paid to them respectively, together with the accumulation thereon, when they shall severally arrive at the age of twenty-three years. These sums are to be securely invested by my executors, and should any of my said grandchildren die before attaining that age, leaving no children, the share of said grandchild shall pass to and vest in all of the grandchildren, share and share alike, and be paid over at the time and in the manner above stated.”
The fact is, that at the death of Judge Ranney, there were living four grandchildren. All of them were living at the date of the execution of the will. About two years after his death, there was born another grandchild. At the time of Judge Ranney’s death, there were living two sons, and a deceased daughter had left two children, and one of the sons was the father of two children.
The principal question of which the executor by his petition asks a construction, is, whether this grandchild, born after the death of the testator, shall receive the fifteen thousand dollars.
Very elaborate arguments were made in the case, and briefs filed going over the law very thoroughly.
We have given to the case the consideration which its importance seems to demand.
We have reached the conclusion that was reached in the court of common pleas. In that court the case was tried, and a very thoroughly considered opinion, as we think, and admirably expressed, was prepared by Judge Stone, and that is published in volume 5 Nisi Prius Reports, page"73.
Boynton & Horr, for Plaintiff.
Fuller & Ranney, for Defendant.
That opinion, as we think, well expresses the law as applicable to this case, and we do not deem it wise to repeat what was there said, or to undertake to say better what we understand the law to be, than was expressed in that opinion by Judge Stone.
Our attention has been called to a case ^recently decided since the opinion delivered by Judge Stone in this case. The case,referred to,is that of McLean ev. Howald,Administrator, in the supreme court of Michigan, the opinion rendered, upon appeal, on the 28rd of May of this year. An examination of that case shows that no principle is there decided that was not decided in a number of cases to which attention was called in the brief of counsel, and to the one published in volume 5, Nisi Prius Reports; and we come' to the conclusion, as already said, that was reached by the court of common pleas, that this grandchild, born after the death of Judge Ranney, is not included among those to whom the bequest of $15,000 was to be paid, And the decree will be entered here as in the *court of common pleas.